UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY L.,[1]

                               Plaintiff,        Case # 23-CV-1274-FPG

v.                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

## INTRODUCTION

Plaintiff Tracy L. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 6, 8. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In April 2022, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 67, 86. She alleged disability since December 2021 due to several physical and mental impairments. *Id.* In August 2023, Administrative Law Judge Paul Georger ("the ALJ")

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

issued a decision finding that Plaintiff is not disabled. Tr. 15-31. In October 2023, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 2021, her alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had severe impairments of fibromyalgia, major depressive disorder, post-traumatic stress disorder, and obesity. Tr. 18. At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 19.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work. Tr. 21. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 28. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 29-30. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 30-31.

## II. Analysis

Plaintiff asserts that remand is warranted because the ALJ constructed the physical RFC without reliance on a medical opinion.[4] ECF No. 6-1 at 9. Plaintiff has failed to identify a harmful error warranting remand.

In the record are several medical opinions pertinent to Plaintiff's physical RFC. The ALJ reasonably rejected the opinions from Plaintiff's treating providers on the grounds that they were conclusory and temporary in nature. *See* Tr. 26-27; Tr. 749 (note by Monique Saran, M.D.) (stating that Plaintiff would need to be on "light physical duty" for 2 weeks in January 2022); Tr. 750 (note

---

[4] Although Plaintiff does not explicitly cabin her arguments in terms of the physical RFC, the Court construes it as such since it is clear that the ALJ did, in fact, find two opinions persuasive in connection with Plaintiff's mental RFC. *See* Tr. 28.

by Mohit Sahni, M.D.) (stating, on December 17, 2021, that Plaintiff has been "advised to stay off work for the next one week"); Tr. 752 (note by Monique Saran, M.D.) (stating that, "[d]ue to medical issue," Plaintiff should be off from work between December 29, 2021 and January 5, 2021); *see also Michele B. v. Comm'r of Soc. Sec.*, No. 20-CV-975, 2021 WL 5543940, at *4 (W.D.N.Y. Nov. 27, 2021). There were also opinions from a consultative examiner and two state-agency review physicians, who found that Plaintiff had no physical restrictions. *See* Tr. Tr. 75, 116-18, 665. The ALJ declined to follow these opinions. *See* Tr. 27. Instead, giving Plaintiff "the maximum benefit of [the] doubt," the ALJ concluded that Plaintiff had some physical limitations due to her impairments. *Id.*

While Plaintiff accuses the ALJ of constructing the RFC from "whole cloth," she fails to identify any prejudice arising from this alleged error. ECF No. 6-1 at 11. "As a general matter, where an ALJ imposes a limitation in [her] RFC that is more restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022). "The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Theresa G. v. Saul*, No. 20-CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted); *see also Colleen K. v. Comm'r of Soc. Sec.*, No. 19-CV-1124, 2021 WL 117994, at *4 (W.D.N.Y. Jan. 13, 2021).

Here, the ALJ incorporated some physical limitations into the RFC, and thus the RFC was more restrictive than any of the relevant medical opinions. *See* Tr. 21. Remand is not warranted

5

on the basis that the ALJ gave Plaintiff the "benefit of [the] doubt" despite the lack of opinion evidence to support physical restrictions.[5]  *See* Tr. 27.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 6) is DENIED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED.  The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 27, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[5] Plaintiff separately argues that there was evidence in the record to support an even "more restrictive RFC." ECF No. 6-1 at 11.  That is not a basis for remand.  *See Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018) ("[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position.").